# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **TIJUAN TOWNSEND** (#2014-0418312), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 16 C 2279 |
| | ) | |
| **NICHOLAS CORTESI**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This newly-filed lawsuit by pro se pretrial detainee plaintiff TiJuan Townsend

("Townsend") seeks to invoke 42 U.S.C. § 1983 ("Section 1983") against Chicago Police Officer

Nicholas Cortesi ("Officer Cortesi"), Chicago Mayor Rahm Emanuel, former Chicago Police

Superintendent Garry McCarthy and the City of Chicago.  All of Townsend's claims are alleged

to stem from an April 17, 2014 incident in which he says he was subjected to excessive force by

Officer Cortesi while he was in a room at a Chicago police station.  Attached to Townsend's

Complaint are records from St. Anthony Hospital reporting that Townsend required treatment for

a laceration to his lip after the incident.

Because Townsend has coupled his Complaint with a Clerk's-Office-supplied form of In

Forma Pauperis Application ("Application"), this opinion must first address the requirements

imposed on him by 28 U.S.C § 1915.[1]  In that respect Townsend's trust fund account printout

that this Court has obtained from the Cook County Department of Corrections ("County Jail")

does not provide precise information as to the transactions in that account "for the 6-month

---

[1]  All further references to Title 28 provisions will take the form "Section --," omitting
the prefatory "28 U.S.C."

period immediately preceding the filing of the complaint" (Section 1915(a)(2)).[2]  Here

Townsend signed his Complaint on February 3, 2016, while the County Jail financial person

certified the partial trust fund account printout that was attached to the Application on

February 5, and Townsend's papers were received in this District Court's Clerk's Office on

February 12.  Although it is thus uncertain just what day fits the "mailbox rule," there are only

miniscule differences in the prescribed Section 1915(b)(1) calculations for the few days in the

interval between February 5 and (say) February 10.

　　　　This Court has accordingly calculated an average of the average monthly deposits to the

trust fund account during the relevant six-month period before "filing" (see Section

1915(b)(1)(A)), finding that figure amounted to $173.11, so that 20% of that amount (id.) comes

to $34.62.  Accordingly Townsend is assessed an initial partial filing fee of $34.62, and the

County Jail trust fund officer is ordered to collect that amount from Townsend's trust fund

account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department.

　　　　After such payment the trust fund officer at the County Jail (or at any other correctional

facility where Townsend may hereafter be confined) is authorized to collect monthly payments

from his trust fund account in an amount equal to 20% of the preceding month's income credited

to the account.  Monthly payments collected from the trust fund account shall be forwarded to

---

[2]  For persons in custody the date of "filing" is determined under the "mailbox rule" as
prescribed by Houston v. Lack, 487 U.S. 266 (1988).

the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Townsend's name and the 16 C 2279 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

With the threshold issue of Townsend's in forma pauperis ("IFP") status thus having been resolved, this Court has then engaged in the initial screening called for by Section 1915A(a), and it finds that Townsend's claims against Officer Cortesi are both viable and "plausible" within the meaning of the Twombly-Iqbal canon (although no factual findings are of course made at this pleading stage). In that respect Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) teaches that the claimed excessiveness of an officer's use of force against an arrestee or pretrial detainee is judged by a standard of objective unreasonableness.

By contrast, Townsend's Complaint states no valid claims against the other defendants. Townsend's purported claims against Mayor Emanuel, former Superintendent McCarthy and the City of Chicago are stated in these terms in the Complaint ¶ 4 Statement of Claim (copied verbatim):

> The City of Chicago has employed Mayor Rahmeal Emanueal. Mayor Emanueal employed Chief of Police Gary Marcarthy, and Marcarthy employed Chicago police officer Nicholas Cortesi. That is how each defendant is involved.

But those assertions speak only in respondeat superior terms, and that theory of liability is inapplicable in Section 1983 actions -- as Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) teaches:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.

With Townsend having failed to allege any personal involvement in his claimed constitutional deprivation on the part of Mayor Emanuel, former Superintendent McCarthy or the City, all three of those defendants are dismissed with prejudice.

Townsend's Complaint has also been accompanied by a completed Clerk's-Office-supplied form of Motion for Attorney Representation ("Motion"). That submission meets the standards prescribed by our Court of Appeals for granting such a motion under Section 1915(e)(1) (Navejar v. Iyiola, 718 F.3d 692, 696-97 (7th Cir. 2013) (per curiam) and cases cited there). Accordingly this Court designates Scott McKenna of Best, Vanderlaan & Harrington, 25 East Washington, Suite 800, Chicago, Illinois 60602, telephone: 312- 819-1100, e-mail address: smckenna@bestfirm.com, to provide Townsend with assistance of counsel and represent him in accordance with counsel's trial bar obligations. Attorney McKenna shall promptly review the Complaint and confer with Townsend to determine whether to proceed with the Complaint on file or to submit an Amended Complaint instead. In the meantime counsel should make arrangements for the service of process on remaining defendant Officer Cortesi, and this Court is contemporaneously issuing an initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 19, 2016