UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIJUAN (a/k/a FRED) TOWNSEND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFC. NICHOLAS CORTESI, )<br>)<br>Defendant. )<br>) | No. 16 C 2279<br><br>**PLAINTIFF DEMANDS<br>TRIAL BY JURY** |

## AMENDED COMPLAINT AT LAW

Plaintiff, TIJUAN (a/k/a FRED) TOWNSEND (hereinafter TOWNSEND), by his attorney, Scott D. McKenna, Esq. of Best Vanderlaan & Harrington, in complaining of Defendant OFC. NICHOLAS CORTESI (hereinafter CORTESI) states as follows:

### THE PARTIES

l.     At all times relevant, Plaintiff TOWNSEND was a citizen of the United States and a resident of the City of Chicago, State of Illinois.

2.     On April 17, 2014, and at all relevant times, Defendant CORTESI was a Chicago Police Officer employed by the City of Chicago.

3.     On April 17, 2014, and at all relevant times, when CORTESI was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a Chicago Police Officer.

### JURISDICTION AND VENUE

4.     This is an action brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. §1988, the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of Illinois against Defendant CORTESI, after Plaintiff, TOWNSEND, was

unreasonably detained and battered on April 17, 2014 in the City of Chicago, County of Cook and State of Illinois.

5. This Court has original jurisdiction over Plaintiff's §1983 claims pursuant to 28 U.S.C. §§1343(a)(3) and 1331.

6. Venue is proper herein under 28 U.S.C. §1391(b) since the parties reside, or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

### FACTS APPLICABLE TO ALL COUNTS

7. On April 17, 2014, Plaintiff TOWNSEND was arrested by the Chicago Police Department and taken to a Chicago Police Department facility at S. Homan Ave. and W. Fillmore Street in Chicago, IL.

8. On April 17, 2014, TOWNSEND was detained at said facility and placed in handcuffs.

9. On April 17, 2014, while TOWNSEND was being detained and in handcuffs, he was purportedly questioned by Defendant CORTESI.

10. At all times relevant herein, Plaintiff TOWNSEND was compliant with police officer directions and was acting in a non-violent and non-aggressive manner.

11. At said time and place, Plaintiff TOWNSEND asked Defendant CORTESI for what particular crime he was being charged.

12. At said time and place, Defendant CORTESI told Plaintiff TOWNSEND to "shut up".

13. At said time and place, and after Plaintiff TOWNSEND responded to Defendant CORTESI that he should "shut up", Defendant CORTESI, without any

objective or reasonable provocation or justification, then proceeded to punch and batter Plaintiff TOWNSEND several times.

14. Before and at the time of Defendant CORTESI punching and battering Plaintiff TOWNSEND, Plaintiff TOWNSEND was not posing an imminent threat of physical harm to Defendant CORTESI or to any other person.

## COUNT I -42 U.S.C. §1983-Excessive Force

15. Plaintiff TOWNSEND hereby adopts and re-alleges paragraphs 1 through 14 as and for paragraph 15 of Count I as though fully set forth herein.

16. That at all times relevant hereto, Defendant CORTESI was an authorized officer, agent, and employee of the City of Chicago Police Department and was acting in the course of his employment and under color of state law.

17. That at all times relevant hereto, it was the duty of Defendant, CORTESI, to refrain from using unreasonable excessive force against others, including Plaintiff.

18. On April 17, 2014, in breach of said duty, Defendant CORTESI used unreasonable and excessive force in violation of the United States Constitution by engaging in the following acts or omissions:

   a) Defendant used a level of force that Defendant knew, or should have known, was excessive;
   b) Defendant used an unreasonable amount of force in relationship to the threat or force posed by the Plaintiff;
   c) Defendant used excessive force in violation of Chicago Police Department policy which expressly prohibits use of excessive force;
   d) Defendant dangerously and improperly punched and battered Plaintiff without any objective and reasonable provocation.

19. That at all times relevant, the aforementioned conduct of Defendant, CORTESI, constituted unreasonable excessive force in violation of the United States Constitution.

20. That at all times relevant, the actions of Defendant CORTESI were objectively unreasonable and were undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

21. That at all times relevant, the actions of Defendant CORTESI would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that Defendant CORTESI used such force.

22. That at all times relevant hereto, the actions of Defendant CORTESI were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

23. That as a proximate cause of Defendant's unreasonable and excessive use of force, Plaintiff TOWNSEND experienced injuries, including conscious pain and suffering, disability and disfigurement and was forced to incur past and future obligations for medical bills.

WHEREFORE, Plaintiff TIJUAN TOWNSEND prays for judgment in his favor and against the Defendant, awarding compensatory damages, punitive damages, attorney's fees and costs, and such further relief this Court deems just.

                    Respectfully Submitted,
                    **TIJUAN TOWNSEND**

                    _____
                    His Attorney

Scott D. McKenna, ARDC No. 6237661
BEST, VANDERLAAN & HARRINGTON
25 East Washington Street
Suite 800
Chicago, IL 60602
312.819.1100
312.819.8062