## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **TIJUAN TOWNSEND** (#2014-0418312), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 16 C 2279 |
| ) | |
| **NICHOLAS CORTESI**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Despite the directive in Fed. R. Civ. P. ("Rule") 8(b) that calls for defendants to respond to pleadings brought by plaintiffs, either by admissions or denials (see Rule 8(b)(1)(B)) or by disclaimers under Rule 8(b)(5) where appropriate, too many defense counsel have formed the practice of including inappropriate gratuitous responses -- one particularly troubling such addition is the affirmative assertion that a defendant did not engage in the conduct alleged by plaintiff, even where no such allegation has been made in the particular paragraph of a complaint to which defense counsel is responding. That practice does nothing to further the goal of "notice pleading" that is the foundation of federal pleading, and yet it persists.

Here the responsive pleading by Chicago Police Officer Nicholas Cortesi ("Cortesi") is only a minor offender in that respect. Although more than one of the answering paragraphs leave something to be desired on that score, only one is flat-out improper: Answer ¶ 17 is wholly nonresponsive to the corresponding paragraph of the Complaint. Hence it is stricken, with defense counsel ordered to file a clearly appropriate direct admission to the entirely accurate allegation in Complaint ¶ 17.

Cortesi's two affirmative defenses ("ADs"), however, are both problematic. In that respect:

1. Because an affirmative defense is required to accept the well-pleaded allegations of a complaint as true, while at the same time setting out a predicate for disclaiming liability (see Rule 8(c) and the caselaw construing it; see also App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), AD 1 is stricken. This order does not of course express any substantive view as to whether a factfinding jury might or might not accept the argument set out in AD 1 at the time of trial.

2. AD 2 begins with the telltale qualifier "To the extent . . .," a sure tipoff that defendant Cortesi obviously does not know at this time whether a mitigation defense may or may not turn out to be appropriate. ADs are not the place to advance hypothetical possibilities under the principles established by the authorities cited in paragraph 1 above. Accordingly AD 2 is stricken as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 14, 2016